UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA AMAEFUNA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT WILKIE,[1] Secretary of ) <br> the Department of Veterans Affairs ) <br> and DEPARTMENT OF VETERANS ) <br> AFFAIRS, ) <br> ) <br> Defendants. ) | Civil Action No. 17-12496-IT |

REPORT AND RECOMMENDATION ON MOTION TO DISMISS
[Docket No. 7]

August 14, 2018

Plaintiff Patricia Amaefuna alleges that the defendants, Robert Wilkie, Secretary of the Department of Veterans Affairs, and the Department of Veterans Affairs (collectively, the "VA"), illegally discriminated and retaliated against her on account of her color, race and national origin; and subjected her to a hostile work environment. The VA has filed a motion to dismiss on the grounds that the allegations in the instant case, No. 17-12496-IT ("2017 Case"), are duplicative of those that Amaefuna brought in a different case before this Court, No. 16-11414-JCB ("2016 Case"). Docket No. 2017-7.[2] For the following reasons, this Court recommends that the District Judge grant that motion.

---

[1] Robert Wilkie, who is now the Secretary of the Department of Veterans Affairs, is substituted for former Secretary David Shulkin as a defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

[2] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. Docket entries in the 2016 Case are referred to as "2016-1, 2016-2, etc.," whereas docket entries in the 2017 Case are referred to as "2017-1, 2017-2, etc." All citations reference the docket

1

I. PROCEDURAL HISTORY

A. 2016 Case

On July 6, 2016, Amaefuna filed an eight count complaint alleging the following: Count I – race and national origin discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.; Count II – retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a); Count III – hostile work environment; Count IV - failure to accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; Count V – violation of the Rehabilitation Act, 29 U.S.C. § 701 et seq.; Count VI – intentional infliction of emotional distress; Count VII – negligent infliction of emotional distress; and Count VIII – breach of the implied covenant of good faith and fair dealing. 2016 Complaint ("2016 Compl."), Docket No. 2016-1. On July 17, 2017, Judge Casper granted the VA's motion to dismiss Counts IV-VIII. Docket No. 2016-29.

On August 8, 2017, the parties consented to Magistrate Judge Boal's jurisdiction. Docket No. 2016-38. All parties have moved for summary judgment. Docket Nos. 2016-60, 2016-83. Those motions are pending before Magistrate Judge Boal.

B. 2017 Case

On December 18, 2017, Amaefuna filed a four count complaint alleging the following: Count I – disparate treatment on account of race and color in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.; Count II – disparate treatment on account of national origin; Count III – retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-

---

number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

3(a) and section 1981 of the Civil Rights Act, 42 U.S.C. § 1981; and Count IV – hostile work environment.  2017 Complaint ("2017 Compl."), Docket No. 2017-1.

On February 5, 2018, the VA filed a motion to dismiss, Docket No. 2017-7,[3] which Amaefuna opposed on February 20, 2018.  Docket No. 2017-10.  On June 28, 2018, this Court heard oral argument in connection with both the cross-motions for summary judgment in the 2016 Case and the motion to dismiss in the 2017 Case.

II.     FACTS[4]

In 2009, the VA hired Patricia Amaefuna, an African-American of Nigerian descent, as a registered nurse at its medical facility in Bedford, Massachusetts.  2017 Compl. ¶¶ 9, 11.  In or about April 2014, Amaefuna filed a formal Equal Employment Opportunity ("EEO") complaint against the VA, asserting fifteen claims of discrimination that allegedly occurred between 2011 and 2014.  Id. ¶ 12.

Those claims are: (1) the February 2011 denial of her request for a compressed schedule; (2) the failure to issue her an evaluation in March 2013; (3) the denial of a FMLA leave request for December 22-28, 2013; (4) being marked AWOL for a shift on February 8, 2014; (5) having to work without another licensed nurse on Unit 4D during several weekends starting in 2014; (6) being assigned to work three weekends in February 2014; (7) being told to look her manager in the face while questioned on March 19, 2014; (8) being charged AWOL on March 14 and 17, 2014; (9) being scheduled to work four weekends in a row in March 2014; (10) being scheduled to work six days in a row in March 2014; (11) being scheduled to work three weekends in April

---

[3] Judge Talwani referred the instant motion to the undersigned on March 1, 2018.  Docket No. 2017-13.
[4] Because this case is before the Court on a motion to dismiss, the Court takes as true all well-pleaded allegations in the complaint and draws all reasonable inferences in Amaefuna's favor.  See Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 17 (1st Cir. 2008).

2014; (12) being approached in a "hostile manner" on May 2, 2014; (13) being scheduled to work six days in a row in May 2014; (14) being scheduled to work three weekends in a row in July 2014; and (15) receiving a seven-day suspension on June 30, 2014.  Id.

Amaefuna subsequently moved to amend her EEO complaint to add more claims, which the EEO administrative law judge ("ALJ") denied.  Id. ¶ 15.  In light of that decision, Amaefuna began the EEO process anew as to those additional claims.  Id. ¶ 16.  The ALJ dismissed the new complaint, Amaefuna appealed and the EEOC affirmed.  Id. ¶¶ 17-18.  Amaefuna received a notice of her right to file a civil action in the District Court on September 19, 2017.  Id. ¶ 18.

### III.   DISCUSSION

The VA has moved to dismiss the 2017 Case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as duplicative of the 2016 Case.  Docket No. 2017-8.  Amaefuna maintains that the 2017 Case raises different claims that arose at different times than the 2016 Case.  Docket No. 2017-10.  This Court disagrees.

"Courts have held that a plaintiff has 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Montoyo-Rivera v. Pall Life Sci. PR, LLC, 245 F. Supp. 3d 337, 342 (D.P.R. 2017) (citing Commerce Oil Ref. Corp. v. Miner, 303 F.2d 125, 127 (1st Cir. 1962)) (some citations omitted). Accordingly, the "pendency of a prior pending action in the same federal court is ground for abatement of the second action."  Id. (quoting Sutcliffe Storage & Warehouse Co. v. United States, 162 F.2d 849, 851 (1st Cir. 1947)).

A later-filed action is generally found duplicative of an earlier-filed suit if the claims, parties and available relief do not differ significantly between the two actions.  Id.  After finding that a suit is duplicative and weighing the equities of the case, a court may exercise its discretion

to dismiss a later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions. Id. Dismissal of duplicative lawsuits, more so than the issuance of a stay or the enjoinment of proceedings, "promotes judicial economy and the comprehensive disposition of litigation." Id. (citation and internal quotation marks omitted). "The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where two federal judges sitting on the same district court are devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants." Id. at 342-43 (citation and internal quotation marks omitted).

Here, the 2016 and 2017 Cases are essentially identical. Both involve a suit between one plaintiff (Amaefuna) and two defendants (the Secretary of the VA and the VA); both bring claims for race and national origin discrimination, retaliation, and hostile work environment;[5] and both request the same remedies (compensatory damages of $300,000, injunctive relief and attorney's fees). Compare 2016 Compl. ¶¶ 24-33, and Prayer for Relief a.-g., with 2017 Compl. ¶¶ 21-34, and Prayer for Relief a.-g. Most importantly, the 2017 Complaint identifies no new or distinctive incidents of discrimination. Indeed, the 2017 Complaint outlines the exact same fifteen events as forming the factual basis for Amaefuna's claims. Compare 2016 Compl. ¶ 12,

---

[5] Amaefuna labels the counts in the 2017 Complaint differently from those in the 2016 Complaint, but they are substantively identical. She makes several other minor, non-material changes to the 2017 Complaint, none of which expand upon the existing facts in a substantive way. Compare 2017 Compl. ¶ 14, with 2016 Compl. ¶ 14. In addition, in the "Jurisdiction and Venue" section, there is a reference to Massachusetts Civil Rights Law, G.L. c. 12 § 11l. 2017 Compl. ¶ 2. However, the 2017 Complaint does not mention this statute again.

with 2017 Compl. ¶ 12.[6]  Accordingly, interests of judicial economy and the equities weigh heavily in favor of dismissing the 2017 Case.

IV.  RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge grant the VA's motion to dismiss.

V.  REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp.,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[6] Amaefuna contends that the VA is estopped from arguing that the claims in the 2016 and 2017 Cases are the same because an EEOC judge ruled that the claims are not "like or related."  See Docket No. 2017-10 at 2.  However, it appears that the EEOC judge made such a finding in conjunction with Amaefuna's motion to amend her EEOC complaint.  Amaefuna has provided this Court with no authority to suggest that the EEOC's ruling is binding on this Court or in any way affects this Court's assessment of the similarity between the two cases.  Amaefuna also has not explained whether there is symmetry between the original EEOC complaint and the previously amended EEOC complaint with the 2016 Complaint and the 2017 Complaint.