UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PATRICIA AMAEFUNA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 17-cv-12496-IT |
| | * | |
| ROBERT WILKIE, Secretary of the | * | |
| Department of Veterans Affairs, and | * | |
| DEPARTMENT OF VETERANS | * | |
| AFFAIRS, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION

September 14, 2018

TALWANI, D.J.

Plaintiff Patricia Amaefuna filed the above-captioned matter ("2017 case") alleging that Defendants, the Department of Veterans Affairs and the Secretary of the Department of Veterans Affairs, discriminated and retaliated against her on account of her color, race, and national origin, and subjected her to a hostile work environment. Defendants filed a Motion to Dismiss [#7] on the grounds that the 2017 case is duplicative of Plaintiff's earlier-filed action, Docket Number 16-cv-11414-JCB ("2016 case"). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation [#17] that recommends allowing Defendants' Motion to Dismiss. Plaintiff filed timely Objections [#18] to the Report and Recommendation.[1] After *de novo* review of those portions of the Report and Recommendation to which Plaintiff has

---

[1] On September 4, 2018, Plaintiff filed a Supplementary Submission to Plaintiff's Objections [#19]. Although the court need not have considered this supplementary submission, as it was filed without leave of court in violation of Local Rule 7.1(b)(3), and was untimely under Federal Rule of Civil Procedure 72(b)(2), the court has considered the arguments contained therein and therefore does not strike the supplementary submission from the record.

objected, the court adopts the Report and Recommendation for the reasons set forth therein and below.

Plaintiff's briefing raises three objections. The first objection is that the Magistrate Judge erred in concluding that Plaintiff's 2017 case is "essentially identical" to her 2016 case. Plaintiff does not dispute that the 2017 Complaint [#1] sets forth the same fifteen specific allegations of discriminatory conduct described in the 2016 Complaint, 2016-1,[2] that occurred between February 2011 and July 2014. Plaintiff contends that these allegations were included to show "the extent of the hostile work environment that plaintiff went through." Objections ¶ 7 [#18]. Plaintiff insists (without citations to the 2016 or 2017 Complaints) that "the claims and the causes of action in the two complaints are not the same," the "dates of the occurrences are materially different," the 2016 case arose from the incidents that occurred from "the later part of 2014, while the 2017 case contained occurrences that happened from the later part of 2014 to 2016," and "[t]he dates of the occurrences of the causes of action are not the same at all." Id. ¶¶ 1-3, 6. Plaintiff insists further (again without citations to the 2017 Complaint) that "the two complaints speak for themselves, and it appears that the court did not take a close look at the complaints in this case." Id. ¶ 5; see also id. ¶ 8.

But review of the 2016 Complaint and 2017 Complaint undermines Plaintiff's arguments entirely. It is true that the causes of action are not entirely identical, but that is only because the 2017 Complaint includes a subset of the 2016 causes of action, and not the other way around. And Plaintiff's claim that the 2017 Complaint concerns "occurrences that happened from the

---

[2] Consistent with the Report and Recommendation, this order cites to docket entries in the 2016 case, which is not before this court, using the citation "2016-__," where the number after the hyphen is the CM/ECF entry number. In contrast to the Report and Recommendation, this order cites to docket entries in the 2017 case, which *is* before this court, using the standard citation [#-__], representing the document's CM/ECF entry number on this court's docket.

later part of 2014 to 2016" is belied by the document itself. No specific wrongful actions from August 2014 through 2016 are pleaded at all. Instead, after recounting the same alleged actions through July 2014 that are included in the 2016 Complaint, Plaintiff's 2017 Complaint alleges only that "the defendants continued to make the work place more hostile for plaintiff and engaged in further retaliatory and discriminatory conduct[] against plaintiff . . . ." Compl. ¶ 14; see also id. ¶ 29 (recounting as the alleged retaliation the alleged conduct culminating in the seven-day suspension in June 2014). Moreover, while Plaintiff now contends that the 2016 Complaint did not concern events from the latter part of 2014 through 2015, the 2016 Complaint is to the contrary. See 2016 Compl. ¶¶ 14-21.

Accordingly, the court overrules Plaintiff's objections challenging the Magistrate Judge's conclusion that the 2017 case is duplicative of the 2016 case.

Plaintiff's second objection is that the claims went through the Equal Employment Opportunity Commission ("EEOC") at different times, and that she received separate right to sue letters, the most recent one on September 19, 2017. Objections ¶ 4. The court cannot tell from Plaintiff's filings what claims were addressed in the most recent right to sue letter. But as noted above, Plaintiff alleged various events from the latter part of 2014 through 2015 in her 2016 Complaint, and in addition, she included with that Complaint the 2016 right to sue letter for her later-filed EEO claims. As Plaintiff alleged:

> In the course of plaintiff's EEOC proceedings, plaintiff made efforts to amend her pleadings in order to add defendants['] subsequent unlawful conducts and violations against her. However, the EEOC Judge did not allow the amendment. Thereafter, plaintiff initiated another EEO complaint. The plaintiff was later issued with the Right to File this Civil Action after her exhaustion of the administrative remedies.

2016 Compl. ¶ 22; id. Ex. A (Right to Sue Letter for case 200H-0518-2016100563).

Plaintiff's third objection is that Defendants are collaterally estopped from arguing that

the 2016 Complaint and 2017 Complaint are duplicative, because an EEOC Administrative Law Judge ("ALJ") ruled in October 2015 that certain claims are not "like or related." Objections ¶¶ 12-17; see Opp'n to Mot. Dismiss Ex. A ("ALJ Decision") [#10-1]. The court need not delve into legal questions of collateral estoppel, for regardless of the ALJ's decision that these were separate claims, by the time Plaintiff filed her 2016 Complaint, she apparently had succeeded in filing and exhausting the second EEO claim, and she included these claims in her 2016 Complaint. Compare ALJ Decision at 2 (discussing proposed additional claims based on Defendants' suspension of Plaintiff on June 30, 2014, a purported denial of a reasonable accommodation to Plaintiff based on a disability; an allegation that Defendants made false accusations against Plaintiff; and an allegation that Defendants failed to provide Plaintiff with a performance evaluation in March 2015), with 2016 Compl. ¶¶ 12(xv), 15-16, 18.

For the foregoing reasons, the court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation [#17] and ALLOWS Defendants' Motion to Dismiss [#7].

IT IS SO ORDERED.

Date: September 14, 2018 /s/ Indira Talwani
United States District Judge